**FILED**

IN THE UNITED STATES DISTRICT COURT

NOV 2 2 2011

FOR THE DISTRICT OF MONTANA

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

HELENA DIVISION

| | |
|---|---|
| MICHAEL CLAUDE URZICEANU, | Cause No. CV 11-00047-H-DWM-RKS |
| Plaintiff, | |
| vs. | **RECOMMENDATION AND ORDER TO DENY IFP AND DISMISS** |
| STATE OF NEVADA, et al., | |
| Defendant. | |

Mr. Urziceanu moved to proceed in forma pauperis (C.D. 1) and lodged a complaint on September 7, 2011. C.D. 2. Mr. Urziceanu's complaint contained many deficiencies, including a lack of personal jurisdiction, so he was permitted to file an amended complaint. C.D. 5. Mr. Urziceanu filed an amended complaint on November 8, 2011. C.D. 8. Mr. Urziceanu's motion to proceed in forma pauperis should be denied and his amended complaint should be dismissed for lack of personal jurisdiction.

## I.     Motion to Proceed In Forma Pauperis

Indigent litigants may proceed in forma pauperis upon completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v.*

*Dickson,* 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir. 1987). "[T]he court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Mr. Urziceanu's motion to proceed in forma pauperis should be denied because personal jurisdiction does not exist over these defendants and he thus fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Williams v. Fulton County Jail,* 575 F.Supp. 306, 308 (D.C.Ill. 1983)(IFP may be denied for lack of personal jurisdiction).

## II.    Status

Mr. Urziceanu's original complaint named several individuals and government entities from Nevada and sought a review of a misdemeanor conviction (apparently out of Nevada), a review of his motion for return of property, appointment of counsel, and any relief to which he was entitled. C.D. 2. Mr. Urziceanu named Jason Marks, Deputy County Attorney in Missoula, the

County of Missoula, the State of Montana, and the Missoula County Sheriff's Department as Defendants in his motion to proceed in forma pauperis. C.D. 1. Montana's personal jurisdiction laws were explained to Mr. Urziceanu and he was told his complaint would be dismissed if he did not prove personal jurisdiction lies over his claim and the named defendants. C.D. 5.

Mr. Urziceanu's amended complaint again recites incidents occurring in Nevada and names only Defendants apparently residing in Nevada. C.D. 8. Mr. Urziceanu conclusorily states at the end of his amended complaint that he is homeless because of "another police seizure of all my property in Missoula County for exactly the same thing as in NV" and "[t]hrough the actions of Missoula County Sheriffs Department, I have lost all belongings and property that I left NV with." C.D. 8, p. 4.

## III.   Discussion

Mr. Urziceanu's conclusory statements regarding Missoula County are insufficient to establish jurisdiction in this matter. Mr. Urziceanu was told he "must provide specific factual allegations for each element of each of his claims, and must state with specificity to which defendants each of his claims apply." C.D. 5, p. 7. Mr. Urziceanu was also required to "specifically plead the basis for the Court to exercise jurisdiction over his claims and the named defendants." *Id.*

Only Defendants from Nevada were named in the amended complaint. Only facts arising in Nevada were alleged. As such, his amended complaint should be dismissed for lack of personal jurisdiction.

Mr. Urziceanu is not entitled to a ten-day period to object, so this Order will be entered directly upon endorsement. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

Based on the foregoing, the Court issues the following:

**RECOMMENDATION** that the following Order be issued by Judge Molloy.

DATED this _10_ day of November, 2011.

Keith Strong
United States Magistrate Judge

Based upon the above Recommendation by Judge Strong, the Court issues the following:

### ORDER

1. Mr. Urziceanu's motion to proceed in forma pauperis (Court Doc. 1) is **DENIED** and this matter is **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court is directed to close this matter and enter judgment

pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this _____ day of November, 2011.

Donald W. Molloy
United States District Judge